5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 7  PAULA M. WALES,<br>8           Plaintiff,<br>9       v.<br>10  COMMISSIONER OF SOCIAL<br>    SECURITY ADMINISTRATION,<br>11           Defendant. | NO: 1:16-CV-3224-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

13  BEFORE THE COURT are the parties' cross motions for summary

14 judgment (ECF Nos. 15, 16). The Court has reviewed the administrative record

15 and the parties' completed briefing and is fully informed. For the reasons

16 discussed below, the Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's

17 motion.

18 **JURISDICTION**

19  The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g),

20 1383(c)(3).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*, at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted).

The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R.

§ 416.960(c)(2); *Bray*, 554 F.3d at 1222.

## BACKGROUND

This is Plaintiff's second application for supplemental security income benefits. Plaintiff first applied for benefits on September 2, 2011. Tr. 73. Plaintiff was denied initially and upon reconsideration. Tr. 73. Plaintiff filed a written request for a hearing, which was held on February 14, 2013 before Administrative Law Judge (ALJ). Tr. 73. The ALJ denied benefits, Tr. 81, and Plaintiff did not appeal that decision.

Plaintiff filed for benefits again on May 30, 2013, alleging an onset date of April 18, 2008. Tr. 12. Plaintiff's claim was denied initially and upon reconsideration. Tr. 12. Plaintiff filed a written request for a hearing, which was held on February 3, 2015 before another ALJ. Tr. 19. The ALJ found no grounds for reopening the prior decision and thus limited the relevant period for the decision beginning on May 19, 2013. Tr. 12. At the hearing, Plaintiff amended the onset date of disability to May 30, 2013. Tr. 12. The ALJ found the claimant had not established a changed circumstance as is required to overcome the presumption of disability triggered by the initial denial of benefits, but continued with the sequential analysis in light of additional evidence not considered in the prior decision. Tr. 12. The ALJ ultimately denied relief based on a finding of non-disability in a decision dated July 10, 2015. Tr. 19.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 30, 2013, the application date. Tr. 14. At step two, the ALJ found that Plaintiff had the following severe impairment: migraine headaches. Tr. 14. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 15. The ALJ then concluded:

> Plaintiff had the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant can occasionally climb ramps and stain, but never climb ladders, ropes and scaffolds, can frequently balance, stoop, kneel, crouch and crawl, and must avoid concentrated exposure to hazards such as dangerous moving machinery and heights.

Tr. 16. At step four, the ALJ found Plaintiff is capable of performing past relevant work. Tr. 18. On that basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act. Tr. 26.

Plaintiff thereafter filed a request for review with the Appeal's Council, which was denied. Tr. 1. The ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.201.

**ISSUES**

Plaintiff raises three issues for review:

1. Did the ALJ err in failing to indicate whether she specifically considered Listing 11.03 in determining whether Plaintiff's migraine headaches did not medically equal the criteria of any listed impairment?

2. Did the ALJ err in rejecting Plaintiff's symptom testimony?

3. Did the ALJ err in weighing the medical opinions in the record?

ECF No. 15 at 5-6.

**DISCUSSION**

A. **Listing 11.03**

Plaintiff argues the ALJ erred in failing to specifically discuss whether Plaintiff's symptoms met or equaled Listing 11.03. The Court disagrees. While the ALJ did not specifically mention Listing 11.03 – the most analogous listing to claimants suffering from migraines – such specificity is not required where the claimant does not posit such equivalence. *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001); *Edwards v. Colvin*, 2014 WL 7156846, at *3 (W.D. Wash., 2014). Plaintiff was represented by experienced counsel at the hearing, but neither Plaintiff nor Plaintiff's counsel mentioned Listing 11.03, let alone argued why it applies. Plaintiff has not otherwise demonstrated that such a listing was specifically suggested to the ALJ. Accordingly, the ALJ was not required to specifically review Listing 11.03 and further explain why it did not apply.

Moreover, a "finding of equivalence must be based on medical evidence only." *Id.* (citing 20 C.F.R. § 404.1529(d)(3)). The medical records only mention slight or moderate limitations and do not include any medical determination that Plaintiff's migraines are as severe and frequent as Plaintiff claimed at her hearing.

Specifically, Plaintiff's claim that she is bed-ridden at least once a week – the crux of Plaintiff's argument that she meets Listing 11.03 – is only supported by her discounted testimony. Accordingly, Plaintiff had not presented sufficient medical evidence that would even conceivably demonstrate that she equaled Listing 11.03.

B. **Credibility**

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F .3 d 947, 958 (9th Cir. 2002).

If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). In making this determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or

between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Plaintiff argues the ALJ failed to give sufficient reasoning in finding Plaintiff was not entirely credible. However, the ALJ provided a clear and convincing reason supported by substantial evidence for finding Plaintiff not credible. The ALJ concluded that Plaintiff's records were inconsistent with her testimony given the alleged severity and continuity of the complained of symptoms in contrast with the limited and otherwise non-existent complaints found in the relevant medical records. Plaintiff cites eight medical records relevant to the disability determination, ECF No. 15 at 13, and each record supports the ALJ's finding that the medical record does not comport with Plaintiff's representation of severe, limiting pain. Tr. 450 ("patient presents with neck pain and headaches . . . which are not present today."); Tr. 502 ("in no acute distress]"); Tr. 509-11 ("medications continue to provide good pain relief without significant side effects"; patient "in no acute distress."); Tr. 513-14 (Plaintiff in no acute distress; noting Plaintiff had overused prescribed medication – discussed safe usage of her

medications, "no tolerance for any inappropriate behavior."); Tr. 520 (denying dizziness and headache); Tr. 525 (complaints of "terrible" headache attributed to influenza; denying nausea); Tr. 531 (noting history of vertigo and migraines without mentioning current complaint of such); Tr. 538 (Plaintiff denying symptoms other than pain from tooth; noting history of migraines without any complaint related to headaches or migraine).

Given the dearth of medical record presenting even a modicum of support for Plaintiff's claimed, severe limitations, the ALJ reasonably surmised that such a significant lack of medical notes on the subject contradicted Plaintiff's representation of the severity. The record fully supports this finding and it is a clear and convincing reason for discrediting Plaintiff's testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (Minimal objective findings can undermine a claimant's credibility).

C.  **Review of Medical Opinions**

A treating physician's opinions are generally entitled to substantial weight in social security proceedings. *Bray*, 554 F.3d at 1228 (citation omitted); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) ("By rule, the Social Security Administration favors the opinion of a treating physician over non-treating physicians.") (citing 20 C.F.R. § 404.1527)). "[I]f a treating physician's opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic

techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight.'" *Orn*, 495 F.3d at 631 (quoting 20 C.F.R. § 404.1527(d)(2)) (brackets omitted). "To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted).

Plaintiff argues the ALJ erred in giving deference to the opinion of Dr. Devita over the opinion of Dr. Jackson, the latter of which the ALJ assigned little weight. Tr. 18. Dr. Jackson opined that Plaintiff is limited to sedentary work, but suggested Plaintiff see an expert (*i.e.*, Dr. Devita). Tr. 18. Plaintiff followed the recommendation and saw Dr. Devita, a neurological specialist, who opined that the claimant is able to work in a full time capacity on a continuing basis without specific restrictions. Tr. 17.

Dr. Devita and Dr. Jackson gave contradicting opinion, so the ALJ need only provide a specific and legitimate reason for assigning either opinion less weight. Siding with an expert over a general physician is a specific and legitimate reason. The ALJ did not err in discounting Dr. Jackson's opinion in lieu of discounting Dr.

Devita's contradicting opinion. Plaintiff argues Dr. Devita's opinion is mistaken based on Plaintiff's own research, but this approach is unpersuasive.

Moreover, even if the ALJ adopted the conflicting opinion of Dr. Jackson, the conclusion would not change. At the hearing, the ALJ asked the vocational expert to consider the limitations proposed by Dr. Jackson. The vocational expert and the ALJ found that Plaintiff would still be able to return to her former position notwithstanding the additional limitation to sedentary work. Tr. 18–19. Thus, any alleged error in adopting Dr. Devita's opinion over Dr. Jackson is harmless.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** September 19, 2017.



THOMAS O. RICE
Chief United States District Judge